## IN THE UNITED STATES DISTICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SAFETYNET YOUTHCARE, INC., | ) ) ) |
| Defendant. | ) |

Civil Action No.

CV 2013-519

## ANSWER OF SAFETYNET

COMES NOW Defendant, SafetyNet Youthcare, Inc. ("SafetyNet"), and for answer to Plaintiff's Complaint, states and shows as follows:

## PRELIMINARY STATEMENT

1.     This Defendant has insufficient information to either admit or deny the allegations in Paragraph Number 1.

2.     This Defendant admits that SafetyNet is operated by Defendant and is a childcare facility licensed by the Alabama Department of Human Resources.  This Defendant denies the remaining allegations contained in Paragraph Number 2 and demands strict proof thereof.

3.     This Defendant denies that the Code sections as outlined in Paragraph Number 3 provides ADAP with the authority allowed to access the Moderate Program of SafetyNet and demands strict proof thereof.

4.     This Defendant denies the allegations contained in Paragraph Number 4 and demands strict proof thereof.  Furthermore, SafetyNet specifically controverts this request and seeks judgment in its favor.

## PARTIES

5.     This Defendant does not have sufficient information to either admit or deny the allegations in Paragraph Number 5.

6.     This Defendant admits the allegations in Paragraph Number 6.

## JURISDICTION

7.     This Defendant does not contest jurisdiction.

1

## VENUE

8.      This Defendant does not contest venue.

## STATEMENT OF FACTS

### ADAP's Access Authority and SafetyNet's Status as a "Facility"

9.      This Defendant admits the allegations contained in Paragraph Number 9.

10.     This Defendant admits the allegations contained in Paragraph Number 10.

11.     This Defendant admits the allegations contained in Paragraph Number 11 to the extent that they language in 42 C.F.R. §51.2 is consistent with the language quoted in Paragraph Number 11.

12.     This Defendant admits the allegations contained in Paragraph Number 12 to the extent that they language in 45 C.F.R. §1386.19 is consistent with the language quoted in Paragraph Number 12.

13.     This Defendant admits the allegations contained in Paragraph Number 13 to the extent that they language in 42 C.F.R. §51.2 is consistent with the language quoted in Paragraph Number 13.

14.     This Defendant denies the allegations contained in Paragraph Number 14 and demands strict proof thereof.

15.     This Defendant denies the allegations contained in Paragraph Number 15 and demands strict proof thereof.

16.     This Defendant denies the allegations contained in Paragraph Number 16 and demands strict proof thereof.

17.     This Defendant denies the allegations contained in Paragraph Number 17 and demands strict proof thereof.

18.     This Defendant denies the allegations contained in Paragraph Number 18 and demands strict proof thereof.

19.     This Defendant admits that SafetyNet maintains a Moderate Program which provides overnight accommodations to its students. This Defendant denies the remaining allegations in Paragraph Number 19 and demands strict proof thereof.

20.     This Defendant admits the allegations contained in Paragraph Number 20.

## ADAP'S REQUESTS FOR ACCESS AND DEFENDANT'S
## DENIALS OF THOSE REUESTS

21.     This Defendant denies the allegations contained in Paragraph Number 21 and demands strict proof thereof.   Defendant further denies the allegation that ADAP has communicated with SafetyNet on "numerous occasions."

22.     This Defendant denies the allegations contained in Paragraph Number 22 and demands strict proof thereof.  This Defendant has not denied access to all parts of SafetyNet.

23.     This Defendant admits that ADAP corresponded with Mr. Wheatley on October 2, 2012 and that the same correspondence contained citations to federal statutes and regulations. This Defendant denies the remaining allegations in Paragraph Number 23 and demands strict proof thereof. This Defendant has not denied access to all parts of SafetyNet.

24.     This Defendant admits that ADAP sent correspondence to Ms. Shroeder on January 14, 2013, stating its intent to visit SafetyNet on January 22, 2013. This Defendant denies the remaining allegations in Paragraph Number 24 and demands strict proof thereof.

25.     This Defendant admits the allegations contained in Paragraph Number 26.

26.     This Defendant admits the allegations contained in Paragraph Number 26.

27.     This Defendant denies the allegations contained in Paragraph Number 27 to the extent that ADAP's Exhibit 4 to its Complaint states an intent to visit SafetyNet on April 1, 2013. This Defendant otherwise admits the allegations contained in Paragraph Number 27.

28.     This Defendant admits the allegations contained in Paragraph Number 28. This Defendant also states that it has not denied access to all parts of SafetyNet.

29.     This Defendant admits the allegations contained in Paragraph Number 29. This Defendant also states that it has not denied access to all parts of SafetyNet.

30.     This Defendant admits the allegations contained in Paragraph Number 30.

31.     This Defendant admits that ADAP corresponded with counsel for SafetyNet on October 15, 2013. This Defendant denies the remaining allegations contained in Paragraph Number 31 and demands strict proof thereof.

32.     This Defendant admits the allegations contained in Paragraph Number 32.

33.     This Defendant admits the allegations contained in Paragraph Number 33.

3

34.     This Defendant denies the allegations contained in Paragraph Number 34 as it has not repeatedly refused to provide ADAP with access to all parts of Defendant's facility. This Defendant demands strict proof of the allegations contained in Paragraph Number 34.

35.     This Defendant denies the allegations contained in Paragraph Number 36 and demands strict proof thereof. This Defendant has not repeatedly refused to allow ADAP access to all of its facilities.

## CAUSES OF ACTION

36.     This Defendant denies the allegations contained in Paragraph Number 36 and demands strict proof thereof.

## INJUNCTIVE RELIEF

37.     This Defendant denies the allegations contained in Paragraph Number 37 and demands strict proof thereof. Defendant further denies these allegations and states that there is no factual or legal basis to grant any injunctive relief as requested by ADAP.

38.     This Defendant denies the allegations contained in Paragraph Number 38 and demands strict proof thereof. Defendant further denies that ADAP will suffer any irreparable harm by being denied the ability to observe and/or monitor SafetyNet's Moderate Program and the students involved in said program.

39.     This Defendant denies the allegations contained in Paragraph Number 39 and demands strict proof thereof.

40.     This Defendant denies the allegations contained in Paragraph Number 40 and demands strict proof thereof.

## DECLARATORY JUDGMENT

41.     This Defendant denies the allegations contained in Paragraph Number 41 and demands strict proof thereof.

## PRAYER FOR RELIEF

(A)     To the extent this Paragraph contains any allegations substantively directed to SafetyNet, they are denied. Furthermore, SafetyNet specifically controverts this request and seeks judgment in its favor.

(B)     To the extent this Paragraph contains any allegations substantively directed to SafetyNet, they are denied. Furthermore, SafetyNet specifically controverts this request and seeks judgment in its favor.

(C)    To the extent this Paragraph contains any allegations substantively directed to SafetyNet, they are denied. Furthermore, SafetyNet specifically controverts this request and seeks judgment in its favor.

(D)    To the extent this Paragraph contains any allegations substantively directed to SafetyNet, they are denied. Furthermore, SafetyNet specifically controverts this request and seeks judgment in its favor.

(E)    To the extent this Paragraph contains any allegations substantively directed to SafetyNet, they are denied. Furthermore, SafetyNet specifically controverts this request and seeks judgment in its favor.

(F)    To the extent this Paragraph contains any allegations substantively directed to SafetyNet, they are denied. Furthermore, SafetyNet specifically controverts this request and seeks judgment in its favor.

(G)    To the extent this Paragraph contains any allegations substantively directed to SafetyNet, they are denied. Furthermore, SafetyNet specifically controverts this request and seeks judgment in its favor.

SafetyNet denies that ADAP is entitled to any injunctive relief, costs and or reasonable attorneys' fees under any theory of Federal or applicable Alabama law, for any allegation set forth in Plaintiff's Complaint, and demands strict proof thereof.

SafetyNet further responds to Plaintiff's Complaint as follows:

## DEFENSES

## FIRST DEFENSE

Unless specifically admitted herein, this Defendant denies each and every material allegation made against it by the Plaintiffs in the Complaint and demands strict proof thereof.

## SECOND DEFENSE

Defendant asserts the plaintiffs' lack of standing to bring this action.

## THIRD DEFENSE

Defendant pleads the failure of satisfaction of conditions precedent to ADAP's pursuit of the claims alleged and relief sought.

## FOURTH DEFENSE

Defendant pleads reliance on communications with the appropriate governmental authorities that it had all necessary authority to deny ADAP access to SafetyNet's Moderate Program.

## FIFTH DEFENSE

Defendant pleads the propriety of its actions in denying ADAP access to its Moderate Program based on applicable law and the authority of the Alabama Department of Human Resources.

## SIXTH DEFENSE

The Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

## RESERVATION OF DEFENSES

To the extent any allegations set forth by Plaintiff's in this Complaint are barred by additional defenses that may arise during the course of this litigation, SafetyNet expressly reserves the right to amend and/or add additional defenses and affirmative defenses as discovery and investigation continues.

Respectfully Submitted,

*/s/ Martha Leach Thompson*
Martha Leach Thompson
Attorney for Defendant,
SafetyNet Youthcare, Inc.

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
(205) 251-1193

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2013, I have electronically filed the foregoing pleading with the Clerk of the Court which will send notification of the filing to:

David Slawkowski
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, AL 35487

/s/ Martha Leach Thompson
Of Counsel

7