# IN THE UNITED STATES DISTICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM, <br><br> Plaintiff, <br> v. <br><br> SAFETYNET YOUTHCARE, INC., <br><br> Defendant. | Civil Action No. <br><br> CV 2013-519 |
| SAFETYNET YOUTHCARE, INC., <br><br> Third-Party Plaintiff, <br> v. <br><br> ALABAMA DEPARTMENT OF HUMAN RESOURCE <br><br> Third-Party Defendant. | Civil Action No. <br><br> CV 2013-519 |

## THIRD-PARTY CLAIM

Defendant, SafetyNet Youthcare, Inc. ("SafetyNet"), pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, asserts the following third-party claim against Alabama Department of Human Resources ("DHR"), in the above action, as follows:

### FACTUAL INFORMATION

1. At all material times, SafetyNet was and is a domestic nonprofit corporation, with its principal place of business located in Dallas County, Alabama.

2. Third-party Defendant, Alabama Department of Human Resources, was created in 1935 to administer to the assistant programs that are part of the Social Security Act, with its mission to provide for the protection, well-being, and self-sufficiency of children and adults. Alabama Code Title 38, 26, 42.

3. DHR is the licensing authority for SafetyNet.

4. Defendant brings this action pursuant to Rule 22 of the Federal Rules of Civil Procedure which permits a Defendant to file an interpleader action where there is

{01852124.1}

more than one person with claims that may expose the Defendant to double or multiple liabilities.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 as to the Federal statutory claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Defendant DHR is headquartered in Montgomery, Alabama, and has offices and employees throughout all sixty-seven (67) of Alabama's counties.

## STATEMENT OF FACTS

7. As outlined in ADAP's Complaint of October 25, 2013, SafetyNet has repeatedly referred ADAP to the DHR Legal Division to address ADAP's access to SafetyNet.

8. Furthermore, on October 10, 2013, DHR wrote ADAP stating that ADAP does not have sufficient legal basis for the relief sought. (See correspondence of October 10, 2013, from Alabama Department of Human Resources to ADAP, attached as Exhibit "1").

9. On October 21, 2013, counsel for SafetyNet and DHR met with ADAP. ADAP, at that time, requested access to monitor Defendant's Moderate Program; however, on the advice of DHR counsel, and its reading of the federal statutes, SafetyNet denied ADAP access to monitor SafetyNet's Moderate Program.

## CAUSES OF ACTION – INDEMNIFICATION

10. SafetyNet adopt and incorporates by reference as if fully set forth herein Paragraphs 1 through 9 of its Third-Party Claim.

11. SafetyNet denies that it has violated and continues to violate ADAP's rights to exercise access to all residents of SafetyNet's facilities.

12. If SafetyNet was found to be in violation of ADAP's rights, which SafetyNet vehemently denies, then SafetyNet alleges that said violations were not

proximately caused by any fault, negligence, or want of due care on the part of SafetyNet, but rather was caused by the fault, negligence, and want of due care on the part of DHR.

13. Additionally, if SafetyNet was held to be in violation of ADAP's rights or for any part or all of the prayer for relief alleged by ADAP, which violation is vehemently denied, then SafetyNet alleges that it is without fault and that its violation would be vicarious, derivative, constructive, on the part of DHR.

14. DHR is the licensing authority for SafetyNet and any decisions made by SafetyNet with regard to ADAP's access has been made at the direction of the Alabama Department of Human Resources and therefore, SafetyNet is entitled to indemnification from DHR for any recovery obtained by ADAP against SafetyNet.

WHEREFORE, SafetyNet prays that this Court will enter judgment in its favor and against Alabama Department of Human Resources for any and all judgments, damages, awards, or injunctive relief which may be rendered against SafetyNet in the ADAP case, if any, and for all costs and fees, including attorney's fees, incurred by SafetyNet in defending the claims asserted by ADAP in prosecuting this matter, and for any further relief this Court deems just and proper.

## CONTRIBUTION

15. SafetyNet adopt and incorporates by reference as if fully set forth herein Paragraphs 1 through 15 of its Third-Party Claim.

16. If SafetyNet is held responsible for any and all parts of the prayer for relief sought by ADAP, which violation is vehemently denied, then SafetyNet alleges that the Alabama Department of Human Resources is a joint tortfeasor and SafetyNet may have to pay more than the proper share of any liability is found to have to ADAP.

17. SafetyNet hereby demands contribution from Alabama Department of Human Resources for any prayer for relief or obligations to ADAP in excess of SafetyNet's proper share.

WHEREFORE, SafetyNet prays that this Court will enter judgment in its favor and against Alabama Department of Human Resources for any and all judgments, damages, awards, or injunctive relief which may be rendered against SafetyNet in the ADAP case, if any, and for all costs and fees, including attorney's fees, incurred by SafetyNet in defending the claims asserted by ADAP in prosecuting this matter, and for any further relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Martha Leach Thompson*
Martha Leach Thompson
Attorney for Defendant,
SafetyNet Youthcare, Inc.

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
(205) 251-1193

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, I have electronically filed the foregoing pleading with the Clerk of the Court which will send notification of the filing to:

Alabama Department of Human Resources
P O Box 304000
50 Ripley Street, Suite 2122
Montgomery, AL 36130-4000

David Slawkowski
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, AL 35487

*/s/ Martha Leach Thompson*
Of Counsel

{01852124.1}

Exhibit "1"

**State of Alabama**

**Department of Human Resources**

S. Gordon Persons Building
50 Ripley Street
P. O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.alabama.gov

ROBERT BENTLEY
*Governor*



Nancy T. Buckner
*Commissioner*

October 10, 2013

**VIA FASCIMILE & US MAIL**

Honorable Andrea Mixson
Alabama Disabilities Advocacy Program
University of Alabama
500 Martha Patham West
Tuscaloosa, Alabama 35487-0395

RE:   *Alabama Disabilities Advocacy Program (ADAP)*
       *Request for Access to SafetyNet Moderate Programs*

Dear Ms. Mixson:

The Alabama Department of Human Resources ("DHR") is in receipt of correspondence from you to Lynn Wheatley, Director of SafetyNet Youth Care, Inc. ("Safety Net") and the attached Complaint for Injunctive and Declarative Relief against SafetyNet. In the Complaint, you seek access to all the Moderate Programs of SafetyNet. Additionally, you indicate the intention to file the Complaint within fourteen (14) days of the letter dated October 7, 2013.

In an effort to resolve these issues DHR, as the licensing authority for SafetyNet is willing to implement a protocol for access to SafetyNet's moderate program. Neither DHR nor SafetyNet are admitting that any of the allegations in the Complaint are true. DHR and SafetyNet agree to access by ADAP to SafetyNet's moderate program based upon Eleventh Circuit standard for intensive programs set out in the case of *Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Ctr.*, 97 F.3d 492 (11th Cir. 1996). Therefore, access to the SafetyNet Moderate Program is conditioned upon:

a)   an incident or complaint made to ADAP as to the SafetyNet's moderate program; *or*
b)   there is probable cause to believe an incident has occurred at SafetyNet's moderate program.

Please note that in accordance with ALA. CODE § 26-14-3 (1975), reports of child abuse and neglect must be made to DHR immediately. Therefore, it is the expectation that ADAP, as a mandatory reporter under the statute; report to DHR any allegations of abuse or neglect.

DHR does not concede that ADAP has a sufficient legal basis for the relief sought should the complaint be filed. Moderate facilities are not Intensive treatment programs and are not

considered a part of the Psychiatric Services for Individuals under the Age of 21 ("Psych. 21"). As such, DHR is willing to implement this protocol in good faith to resolve this matter as to SafetyNet.

The basic premise of the protocol is stated above. However, we will submit a formal draft for your review and suggestions if you agree with the proposed protocol for SafetyNet. Please advise me within seven {7} days if you agree. DHR is interested in resolving this matter expeditiously.

I look forward to hearing from you soon about the proposed protocol.

Sincerely,

*Sharon E. Ficquette* (signature)
Sharon E. Ficquette
General Counsel
Phone: (334) 242-9330
Fax:   (334) 242-0689

Cc:  Lyn Wheatley
     Honorable Martha Thompson