# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 13-0519-CG-B |
| SAFETYNET YOUTHCARE, INC., ) ) ) | |
| Defendant and Third-Party Plaintiff, ) ) ) | |
| vs. ) ) | |
| ALABAMA DEPARTMENT OF HUMAN RESOURCES, ) ) ) | |
| Third-Party Defendant. ) ) | |

## ORDER

This matter is before the Court on Alabama Disabilities Advocacy Program's ("ADAP") motion to reconsider the order denying attorneys' fees and costs, and requesting reasonable attorneys' fees and costs (Doc. 80), SafetyNet Youthcare Inc. ("SafetyNet") and Alabama Department of Human Resources ("DHR") responses to the motion (Docs. 82, 83), ADAP's reply (Doc. 84), and SafetyNet's surreply (Doc. 87). For the reasons set forth herein, the motion is due to be **GRANTED IN PART and DENIED IN PART.**

## BACKGROUND

Each party in this action filed a motion for summary judgment, asking the Court to determine whether ADAP had federal authorization to access the moderate program for male youth at the SafetyNet facility. (Docs. 62, 63, 64). The Court granted the motion for summary judgment filed by ADAP, finding federal law grants ADAP the right to access the program, and denied the motions filed by SafetyNet and DHR. (Doc. 78, p. 28). In the order granting summary judgment for ADAP, the Court denied its request for attorneys' fees and costs. (Doc. 78, pp. 28 – 29). The Court denied the request because ADAP did not raise an applicable exception to the American Rule, which states litigants are generally expected to bear their own attorneys' fees and costs. (Doc. 78, p. 29).

In its motion for reconsideration, ADAP raises several arguments to support an award of attorneys' fees and costs. First, ADAP relies on Federal Rule of Civil Procedure 54(d)(1) to show it is entitled to costs. (Doc. 80, p. 2). Second, ADAP asserts it acted as a private attorney general through this action to ensure that youth receiving treatment in the moderate program are informed of their right to be free from abuse and neglect and to monitor conditions in that program. (Doc. 80, p. 2). Third, ADAP argues SafetyNet acted in bad faith, and bad faith is an established exception to the American Rule. (Doc. 80, p. 2). Finally, ADAP contends the Declaratory Judgment Act

and principles of equity entitle it to attorneys' fees and costs in this matter. (Doc. 80, p. 2). ADAP then proceeds to document and explain its requested fees and costs. (Doc. 80, Exh. 1, pp. 7 – 14).

DHR responded to ADAP's motion, noting that ADAP seeks only attorneys' fees and costs from SafetyNet. (Doc. 83, p. 2). DHR also "adopts the arguments by SafetyNet in its objection (Doc. 82) to ADAP's Motion." (Doc. 83, p. 2). In its response, SafetyNet argues ADAP is not entitled to fees under a private attorney general framework (Doc. 82, p. 2), it did not act in bad faith (Doc. 82, p. 3), and ADAP's request for attorneys' fees is excessive and unreasonable. (Doc. 82, p. 7).  These arguments are addressed below.

## RECONSIDERATION STANDARD

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Products, Inc., 370 F. Supp. 2d 1185, 1189 (S. D. Ala. 2005) (citations omitted); Spellman v. Haley, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling") (citations omitted). The grant or denial of a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transport, 229 F.3d 1012, 1023–24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously

available but not properly presented on the underlying motion. Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997). Nor may it be used to "relitigate old matters." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Gibson v. Mattox, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (citation omitted).

## ANALYSIS

ADAP does not argue that an intervening change in controlling law or the availability of new evidence supports its motion for reconsideration. Instead, ADAP implies the denial of attorneys' fees and costs is a clear error or manifest injustice. (Doc. 80, Exh. 1, pp. 3 – 6).

### A. COSTS

The Court first reconsiders an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) is straightforward. It provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The word "should" makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court. Marx v. Gen. Revenue Corp., 133 S. Ct. 1166,

1172 (2013).[1]

Because Rule 54(d)(1) encourages awarding costs to the prevailing party (costs "*should* be allowed"), and ADAP is the prevailing party in this case, the Court reconsiders its earlier ruling and awards ADAP its reasonable costs. Although the decision to award costs is discretionary with the Court, it may only tax those items specifically enumerated in 28 U.S.C. § 1920, absent alternative statutory authority. EEOC v. W & O, Inc., 213 F.3d 600, 620 (11 Cir. 2000). The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920 as follows: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, ADAP seeks an award of costs for its depositions and filing fees. (Doc. 80, Exh. 1, pp. 12 – 13). For deposition costs, ADAP seeks $3,286.95 (Doc. 80, Exh. 1, p. 13), which includes $2,821.95 for deposition transcripts as

---

[1] Though not an issue here, a statute may nevertheless limit a court's discretion in several ways, and it need not expressly state that it is displacing Rule 54(d)(1) to do so. For instance, a statute providing that "plaintiffs shall

5

invoiced by Freedom Court Reporting. (Doc. 84, p. 9, Exh. 1). Taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). Id. However, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. (citation omitted). Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially necessarily obtained for use in the case." Id. at 621 (citation omitted).

The Court finds the depositions were not necessary in this case; therefore the costs are not recoverable. A central issue involved whether SafetyNet's moderate program treated youth with disabilities and behavioral health care needs (Doc. 80, Exh. 1, p. 13), which ADAP proved through affidavits, interrogatories, and other means. Indeed, ADAP did not attach any deposition testimony to its motion for summary judgment, its supplement to that motion, or its response. (Doc. 63, Exhs. 1 – 10, Doc. 70, Exh. 1, Doc. 73, Exhs. 1 – 4). Nor did ADAP rely on any deposition testimony in its motion. This shows the depositions were merely for purposes of investigation and thorough preparation. Accordingly, ADAP's request for deposition costs is **DENIED.**

---

not be liable for costs" is contrary to Rule 54(d)(1) because it precludes a court from awarding costs to prevailing defendants. Id. 133 S. Ct. at 1173.

ADAP also seeks $350 in filing fees. (Doc. 80, Exh. 1, p. 13, Doc. 84, p. 9). Filing fees are clearly allowed under 28 U.S.C. § 1920. ADAP's request for filing fees is **GRANTED.**

ADAP also seeks travel expenses pursuant to 42 U.S.C. § 1988.[2] (Doc. 80, Exh. 1, p. 12). Notably, 42 U.S.C. § 1988 provides for the discretionary awarding of attorneys fees in certain federal cases, which may include reasonable travel expenses. Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (citing Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983)). ADAP did not bring this action under Section 1988, or any of the statutes cited within that provision. ADAP filed its complaint seeking declaratory judgment and injunctive relief to enforce ADAP's authority pursuant to the Protection and Advocacy for Mentally Ill Individuals Act ("PAMII"), 42 U.S.C. §§ 10801 – 10851 (2012); the Protection and Advocacy for Individuals with Developmental Disabilities statutes

---

[2] 42 U.S.C.A. § 1988 provides:
> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs,

("PADD"), 42 U.S.C. §§ 15041 – 15045 (2012); and the Protection and Advocacy of Individual Rights statute ("PAIR"), 29 U.S.C. § 794e (2012). (Doc. 1, pp. 2, 10 – 12). Accordingly, ADAP's request for travel expenses is **DENIED**.

## B. ACTING AS PRIVATE ATTORNEY GENERAL FOR ATTORNEYS' FEES

ADAP argues it acted as a private attorney general vindicating a policy Congress considers a high priority. (Doc. 80, Exh. 1, p. 2). ADAP relies on two civil rights cases, and dicta from a concurring opinion in a Seventh Circuit case to support its argument. (Doc. 80, Exh. 1, pp. 2 – 3). The statutes and regulations underlying this case, however, do not support awarding attorneys' fees under a private attorney general theory.

In drafting and enacting legislation, Congress has the power and judgment to pick and choose among its statutes and to allow attorneys' fees under some, but not others. Without legislative guidance, it is difficult for courts to consider some statutes important and others unimportant and to allow attorneys' fees only in connection with the former. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 263 – 64 (1975). Certainly the protection and advocacy of vulnerable populations is important, which

---

> including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

Congress recognized when it funded agencies in each state to ensure the rights of such individuals. Nevertheless, the Supreme Court makes clear:

> Courts are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party in federal litigation or to pick and choose among plaintiffs and the statutes under which they sue and to award fees in some cases but not in others, depending upon the courts' assessment of the importance of the public policies involved in particular cases. Nor should the federal courts purport to adopt on their own initiative a rule awarding attorneys' fees based on the private-attorney-general approach when such judicial rule will operate only against private parties and not against the Government. Id. at 269.

Heeding this advice, the Court does not find that an award of attorneys' fees under a private attorney general approach proper in this case.

### C. BAD FAITH EXCEPTION

ADAP argues the Declaratory Judgment Act ("DJA") supports awarding it attorneys' fees as "further necessary and proper relief." (Doc. 80, Exh. 1, p. 2). Section 2202 of the Federal DJA provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted ... against any adverse party whose rights have been determined by such judgment." Section 2202 thus accords a district court some measure of flexibility to enter subsequent orders to effectuate the intent of an earlier § 2201(a) judgment. See, e.g., Burford Equip. Co., Inc. v. Centennial Ins. Co., 857 F. Supp. 1499, 1502 (M.D. Ala. 1994). Further, the provision "has been

9

interpreted as providing for 'supplemental' relief which may be granted in a proceeding [even] subsequent to the original [declaratory judgment]." Horn & Hardart Co. v. Nat'l R.R. Passenger Corp., 659 F. Supp. 1258, 1261 (D.D.C. 1987), aff'd 843 F.2d 546 (D.C. Cir.), cert. denied, 488 U.S. 849 (1988).

On its face, the DJA does not mention fee shifting. Federal courts follow the American Rule in the absence of fee-shifting congressional legislation. See Alyeska Pipeline Serv. Co., 421 U.S. at 247. However, an award of attorneys' fees under 28 U.S.C. § 2202 is permitted pursuant to a court's equitable powers in "cases of bad faith, vexation, wantonness, or oppression relating to the filing or maintenance of the action." Mercantile Nat'l Bank v. Bradford Trust Co., 850 F.2d 215, 218 (5th Cir. 1988); see also Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) (discussing bad faith exception for acts preceding and during litigation). A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument. Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order. Id. In assessing whether an award is proper under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." Rothenberg v. Security Mgmt Co., Inc., 736 F.2d 1470, 1472 (11th Cir. 1984).

When a court awards attorneys' fees based on a finding of bad faith, the "underlying rationale of fee shifting is, of course, punitive." Chambers v. NASCO, Inc., 501 U.S. 32, 53 (1991). Thus the court must exercise its inherent powers to award sanctions with restraint and discretion. Barnes, 158 F.3d at 1215. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct that abuses the judicial process. Chambers, 501 U.S. at 44–45 (internal citation omitted).

The record does not show SafetyNet acted in bad faith during this litigation, or that it raised frivolous defenses knowingly and recklessly. SafetyNet recognized it was opening itself up to litigation, but that does not necessarily mean it proceeded in bad faith. (Doc. 80, Exh. 1, p. 4). The record instead shows SafetyNet vigorously and timely defended itself alongside DHR. (Doc. 87, pp. 2 – 3). DHR raised a novel, though misguided argument, which SafetyNet followed. Actors' Equity Ass'n v. Am. Dinner Theatre Inst., 802 F.2d 1038, 1045 (8th Cir. 1986) (novel arguments should not be sanctioned absent a showing of bad faith). DHR argued primarily "[t]his case involves a fundamental difference in the concept and purpose of moderate residential services between ADAP and [DHR]. [DHR] maintains that the moderate services program is not accessible to ADAP." (Doc. 65, p. 4). SafetyNet argued it was caught between its state licensing authority and ADAP. Thus it could either comply with ADAP and violate the orders of

11

DHR, or follow the advice of DHR and violate federal law. (Doc. 62, Exh. 1, p. 7). SafetyNet, DHR, and ADAP had an unsuccessful and seemingly contentious settlement conference. (Doc. 80, Exh. 1, p. 6). But these defenses and actions do not amount to bad faith.

ADAP also unfortunately sent SafetyNet mixed messages when it focused primarily on the intensive program at a training session in April 2010, and then changed its stance later to include the moderate program. (Doc. 66, Exh. 6, pp. 6 – 8, 84 – 134). Although the Court clearly agrees ADAP can monitor the moderate program, the record shows there was some confusion among all of the parties regarding initial oversight of the moderate program. SafetyNet complied with ADAP when ADAP sought access to and monitored the intensive program. SafetyNet did not violate or ignore any court orders. Following the summary judgment stage, SafetyNet and ADAP timely submitted their access protocol as required by this Court. (Docs. 78, 88). In sum, the Court does not find SafetyNet acted in bad faith.

For the foregoing reasons, the Court also finds principles of equity do not favor awarding ADAP its attorneys' fees. ADAP's request for attorneys' fees is therefore **DENIED.** Because the Court declines to award attorneys' fees, there is no need to determine which fees are reasonable or excessive.

## ACCESS PROTOCOL

ADAP states that it is "concerned that when it might seek to access

another one of DHR's contract facility types, DHR may choose, instead, to litigate the access questions at play in this litigation, thus further draining ADAP of valuable resources to fulfill its Congressional mandate." (Doc. 80, Exh. 1, p. 6). Although this may be a concern going forward, it is not a concern that requires a punitive award of attorneys' fees against SafetyNet in this case. ADAP now has an Eleventh Circuit ruling, <u>Ala. Disabilities Advocacy Program v. J.S. Tarwater Developmental Ctr.</u>, 97 F.3d 492 (11th Cir. 1996), and a lengthy District Court order on its side, <u>Ala. Disabilities Advocacy Program v. SafetyNet Youthcare, Inc.</u>, No. CIV.A. 13-0519-CG-B, 2014 WL 7012710, (S.D. Ala. Dec. 12, 2014). Should DHR unlawfully block ADAP access again, there is now precedent to support an award of attorneys' fees or other appropriate sanctions. <u>See</u> <u>Fairley v. Patterson</u>, 493 F.2d 598, 605 (5th Cir. 1974) ("When a suit alleging violation of clearly established law in a particular area is filed, and the defendants, in the face of evident violation of this law, persist in forcing the plaintiffs to expend efforts in preparing and/or conducting a trial, then attorneys' fees may appropriately be awarded.") (citations omitted). <u>See</u> <u>also</u> <u>Wrenn v. Gould</u>, 808 F.2d 493, 505 (6th Cir. 1987) (a litigant's prior record in court is relevant in determining whether bad faith warrants awarding attorneys' fees).

Additionally, to ensure ongoing compliance and to provide notice to DHR and facilities situated similarly to SafetyNet, the Court **ATTACHES** to

13

this Order **EXHIBIT A.** (Doc. 88, Exh. 1). Exhibit A is the access protocol developed by SafetyNet and ADAP, which complies with this Court's previous order describing the broad remedial framework Congress established for the protection and advocacy system. (Doc. 78). As a result, ADAP and DHR may use Exhibit A as an example of a court-approved protection and advocacy access agreement.

## CONCLUSION

After careful consideration, ADAP's motion for reconsideration (Doc. 80) is **GRANTED IN PART and DENIED IN PART.** The Court concludes its denial of reasonable costs to ADAP, the prevailing party, was error. ADAP is **GRANTED** its filing fees for this litigation. The Court also concludes ADAP is not entitled to attorneys' fees under the DJA, a private attorney general theory, or the bad faith exception to the American Rule. Accordingly, the Court finds its previous denial of attorneys' fees did not amount to clear error or manifest injustice, and ADAP's request for such fees is **DENIED**. Each party must bear its own fees related to the motion for reconsideration, responses, and development of the access protocol.

**DONE** and **ORDERED** this 10th day of February, 2015.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**